KAREN P. HEWITT
United States Attorney
LAWRENCE A. CASPER
Assistant U.S. Attorney
California State Bar No. 235110
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone No.: (619) 557-7455
Facsimile No.: (619) 235-2757
Email: lawrence.casper@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR0267-L |
| Plaintiff, | District Judge: Hon. M. James Lorenz |
| | Courtroom: 14 (Fifth Floor) |
| v. | Date: April 7, 2008 |
| | Time: 2:00 p.m. |
| MICHAEL DANIEL LILLY MARTIN(1), | |
| Defendant. | UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY |
| | TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTIONS TO: |
| | (1) COMPEL PRODUCTION OF RECIPROCAL DISCOVERY; AND |
| | (2) COMPEL FINGERPRINT EXEMPLARS |

Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel KAREN P. HEWITT, United States Attorney, and LAWRENCE A. CASPER, Assistant U.S. Attorney, hereby files its Response and Opposition to the motion filed by Defendant Michael Daniel Lilly Martin ("Defendant") to compel discovery and hereby files its: (1) Motion To Compel Production of Reciprocal Discovery; and (2) Motion To Compel Fingerprint Exemplars. This Response and Opposition and Motion To Compel Production of Reciprocal Discovery and Motion To Compel Fingerprint Exemplars is based upon the files and records of this case.

# I

# STATEMENT OF FACTS

### A. Statement of the Case

On January 31, 2008, a federal grand jury returned a five-count Indictment charging Defendant and co-defendant Melanie Elizabeth DePalmer with bank robbery in violation of Title 18, United States Code § 2113(a). Defendant entered a not guilty plea before Magistrate Judge Cathy Ann Bencivengo on February 12, 2008.

### B. Statement of Facts

In October 2007 Defendants committed a series of bank robberies of federally insured financial institutions in San Diego County. In total, more than $12,000 in cash was taken during the five robberies that are described in the indictment. Defendants were caught on bank surveillance photographs from the robberies. Items of clothing and hats worn by the robbers and shown on the bank surveillance photographs were found among the personal belongings of the Defendants.

On November 3, 2007 Defendant Melanie Elizabeth DePalmer, who was in custody being held on a warrant issued in Northern California, was advised of her Miranda rights and provided a voluntary statement. She told agents that she and Defendant Martin have been involved in a romantic relationship for approximately four years. Defendant DePalmer admitted that she and Defendant Martin had been involved, during the preceding five or six weeks, in a series of bank robberies in San Diego County. She admitted that, on most occasions, Martin would enter the bank to commit the robbery and that she was always with him when he committed a robbery and she typically waited in the get away vehicle. Defendant DePalmer positively identified Defendant Martin from the bank surveillance photographs from each of the five robberies. She also positively identified herself in bank surveillance photograpsh from the October 5, 2007 robbery of the Citibank in La Mesa, California. On that occasion, Defendant Martin believed he was "too hot" to go into a bank; therefore she was to commit that robbery.

//

//

//

**C.   Defendant's Criminal History**

Defendant, who is 28 years old, has the following criminal history:

| 8/23/01 - (CAMC SAN) | HS 11550(A) - Use/Under Influence c/s | 5 years probation |
|---|---|---|
| 6/13/07 (CASC SAN) | 496(A) PC - Receive/etc. known stolen property | 180 days jail/3 years probation |

**II**

**ARGUMENT**

**A.   The Government Will Comply With All Discovery Obligations**

The Government intends to continue full compliance with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal Rules of Criminal Procedure.[1] To date, the Government has provided 104 pages of discovery. The Government anticipates that all discovery issues can be resolved amicably and informally, and has addressed Defendant's requests below.

**(1) - (3) Defendant's Statements**

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has produced or will shortly produce all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of the rough notes at this

---

[1] Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

**(4)  Other documents/tangible objects**

As previously discussed, the Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects that are within its possession, custody, or control, and that are either material to the preparation of Defendant's defense, or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(5)   Reports of Scientific Tests or Examinations**

If any scientific tests or examinations were conducted or are conducted in the future, the United States will provide Defendant with any reports of any such tests or examinations in accordance with Rule 16(a)(1)(F).

**(6)-(7) Government witnesses**

The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. , 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992)(citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996).   Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

**(8)-(9) Uncharged Co-Conspirator Statements**

The United States is not presently aware of any such statements.

**(10)   Prior Record/other acts of government witnesses**

As previously discussed, the Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses.  The Government, however,  is under no obligation to turn over the criminal records or rap sheets of its potential witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief.

**(11)   Promises/Inducements to Government Witnesses**

There are none.

**(12)    Notice of Intent to Use Evidence**

The United States will fully comply with its discovery obligations.

**(13)    Grand Jury Testimony**

Pursuant to Fed. R. Crim. P. 16(a)(3), recorded statements of a witness made before a grand jury are not subject to pretrial discovery by a defendant. The United States will comply with its obligations under the Jencks Act. A "statement" under the Jencks Act includes a statement by the witness before a grand jury. While the Government is only required to produce all Jencks Act material <u>after</u> the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing <u>Goldberg v. United States</u>, 425 U.S. 94, 98 (1976)).

**(14)    Search Warrants**

The United States has and will continue to comply with its discovery obligations with regard to search warrants.

**(15)    Evidence Favorable to Defense**

The Government has and will continue to perform its duty under <u>Brady</u> to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under <u>Brady</u> covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on

behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Brady, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380, 389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. (see United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)).

Brady does not require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

### (16) Prior Record/other act evidence

The Government has provided Defendant with a copy of his prior criminal record within the Government's possession, custody, or control and, consequently, has fulfilled its duty of discovery under Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990). To the extent that the Government determines that there are any additional documents reflecting Defendant's prior criminal record, the Government will a provide a copy of the relevant documents to Defendant.

The Government will disclose in sufficient time advance of trial, the general nature of any "other bad acts" evidence that the Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b). The Government will also provide notice of all impeachment evidence by prior criminal convictions as required by Fed. R. Evid. 609.

**(17)  404(B) Witnesses**

The United States incorporates its response to nos. 6 and 7 above.

**(18)  Disclosure of Intent to Use 404(b) Evidence**

The United States incorporates its response to no. 16 above.

## III

## GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY

**A.   All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

### B. Reciprocal Jencks – Statements By Defense Witnesses

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

## IV

## GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints).

Because the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

//
//
//
//

# V

# **CONCLUSION**

For the foregoing reasons, the United States requests that the Court deny Defendant's motion and grant the United States' motion for reciprocal discovery and for an order compelling Defendant to provide fingerprint exemplars.

Dated: March 13, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*s/Lawrence A. Casper*

---

LAWRENCE A. CASPER
Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America
Email: lawrence.casper@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0267-L |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| MICHAEL DANIEL LILLY MARTIN(1), | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY AND GOVERNMENT'S MOTIONS TO COMPEL PRODUCTION OF RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1)   Russell Babcock, Esq.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 13, 2008.

*s/Lawrence A. Casper*

LAWRENCE A. CASPER

08CR0267-L